## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>Changshan Jinhao<br>E-commerce Co., Ltd. d/b/a<br>TDYDDYU Store and<br>GOBATT,<br><br>Hangzhou Yingxing Network<br>Technology Co., Ltd d/b/a<br>EcoMozz,<br><br>Wuyi Chengshuo Trading<br>Co., Ltd. d/b/a Wetoweto,<br><br>Zhejiang Jinyuan Electronic<br>Commerce Co., Ltd. d/b/a<br>Pandariaworld, and<br><br>Zhuji Weifu Electronic<br>Commerce Co., Ltd. d/b/a<br>Pandaria Inc,<br><br>     Defendants. | Case No. 1:25-cv-1961<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br><br>(2) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); AND**<br><br>(3) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a).**<br><br>    **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Changshan Jinhao E-commerce Co., Ltd. d/b/a TDYDDYU Store and GOBATT ("TDYDDYU"); Hangzhou Yingxing Network Technology Co., Ltd d/b/a EcoMozz ("EcoMozz"); Wuyi Chengshuo Trading Co., Ltd. d/b/a Wetoweto ("Wetoweto"); Zhejiang Jinyuan Electronic Commerce Co., Ltd. d/b/a Pandariaworld ("Pandariaworld"); and Zhuji Weifu Electronic Commerce Co., Ltd. d/b/a Pandaria Inc ("Pandaria Inc") (collectively, "Defendants"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Changshan Jinhao E-commerce Co., Ltd. is a Chinese company doing business on Amazon.com as TDYDDYU Store and GOBATT.

3.      On information and belief, Hangzhou Yingxing Network Technology Co., Ltd is a Chinese company doing business on Amazon.com as EcoMozz.

4.      On information and belief, Wuyi Chengshuo Trading Co., Ltd. is a Chinese company doing business on Amazon.com as Wetoweto.

5.      On information and belief, Zhejiang Jinyuan Electronic Commerce Co., Ltd is a Chinese company doing business on Amazon.com as Pandariaworld.

6.      On information and belief, Zhuji Weifu Electronic Commerce Co., Ltd is a Chinese company doing business on Amazon.com as Pandaria Inc.

## Jurisdiction and Venue

7.      This is an action for trade dress infringement, trade dress dilution, and unfair competition and false designation of origin.  This complaint arises under the Trademark Act of

2

1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act").

8.    This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, and 1338(a) & (b).

9.    This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District. Among other things, (i) Defendants have advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing 20 oz. and/or 30 oz. tumbler products to customers and/or potential customers in the United States, including in this District, at least through Defendants' e-commerce storefronts on                              Amazon.com                              accessible                              at https://www.amazon.com/sp?ie=UTF8&seller=A1U1ATFSN0N6ES&asin=B082HGVGTJ&ref_=dp_merchant_link&isAmazonFulfilled=1;

https://www.amazon.com/sp?ie=UTF8&seller=AY0QMDA58U6D2&asin=B07XH1RZ7X&ref_=dp_merchant_link&isAmazonFulfilled=1;

https://www.amazon.com/sp?ie=UTF8&seller=A1CFAOETAJZFYJ&asin=B0B45FZP3B&ref_=dp_merchant_link&isAmazonFulfilled=1;   ;

https://www.amazon.com/sp?ie=UTF8&seller=A1KJLPCI0M3H3&asin=B09XGY7F1W&ref_=dp_merchant_link&isAmazonFulfilled=1;                              and https://www.amazon.com/sp?ie=UTF8&seller=A1HSF6PEXUHA7R&asin=B07X7VM7TP&ref_=dp_merchant_link&isAmazonFulfilled=1; (ii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the United States and in the State of Texas, including in this District; (iii) Defendants acted with knowledge that their unauthorized use

of YETI's rights would cause harm to YETI in the United States and in the State of Texas, including in this District; and (iv) Defendants' customers and/or potential customers reside in the United States and in the State of Texas, including in this District. This Court also has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because, *inter alia*, (i) YETI's claims arise under federal law; (ii) Defendants are not subject to jurisdiction in any state's courts of general jurisdiction; and (iii) exercising jurisdiction is consistent with the United States Constitution and laws.

10.     Venue is proper in this District pursuant to at least 28 U.S.C. § 1391.

## General Allegations – YETI's Intellectual Property

11.     For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its insulated drinkware products, including its 20 oz. Rambler® Tumblers and 30 oz. Rambler® Tumblers.  YETI created unique, distinctive, and non-functional designs to use with its 20 oz. and 30 oz. Rambler® Tumblers.  YETI has extensively and continuously promoted and used its designs for its 20 oz. and 30 oz. Rambler® Tumblers for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's 20 oz. and 30 oz. Rambler® Tumblers.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its 20 oz. Rambler® Tumblers and trade dress rights relating to its 30 oz. Rambler® Tumblers.

12.     YETI has enjoyed significant sales of its 20 oz. and 30 oz. Rambler® Tumblers throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its

20 oz. and 30 oz. Rambler® Tumblers.  The designs and features of YETI's 20 oz. and 30 oz. Rambler® Tumblers have received widespread and unsolicited public attention.  For example, YETI's 20 oz. and 30 oz. Rambler® Tumblers have been featured in numerous newspaper, magazine, and Internet articles.

13.    The designs of YETI's 20 oz. and 30 oz. Rambler® Tumblers have distinctive and non-functional features that identify to consumers that the origin of YETI's 20 oz. and 30 oz. Rambler® Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of its 20 oz. and 30 oz. Rambler® Tumblers, YETI's marketing, advertising, and sales of its 20 oz. and 30 oz. Rambler® Tumblers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the design and appearance of its 20 oz. and 30 oz. Rambler® Tumblers, which consumers have come to uniquely associate with YETI.

14.    Exemplary images of YETI 20 oz. Rambler® Tumblers are shown below:

**Illustration 1: Exemplary Images of YETI 20 oz. Rambler® Tumblers.**



15.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumblers, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumblers; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumblers; the design and appearance of the walls of the YETI 20 oz. Rambler® Tumblers; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumblers; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumblers; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumblers and tumbler lids of the YETI 20 oz. Rambler® Tumblers; and the relationship of these features to each other and to other features.

16.     Exemplary images of YETI 30 oz. Rambler® Tumblers are shown below:

| Illustration 2: Exemplary Images of YETI 30 oz. Rambler® Tumblers. |
| :---: |



17.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumblers, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumblers; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumblers; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumblers; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumblers; the design, appearance, and placement of the side walls of the lid of the

YETI 30 oz. Rambler® Tumblers; the color contrast and color combinations of the YETI 30 oz. Rambler® Tumblers and tumbler lids of the YETI 30 oz. Rambler® Tumblers; and the relationship of these features to each other and to other features.

18.    As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its 20 oz. and 30 oz. Rambler® Tumblers bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

## General Allegations – Defendants' Unlawful Activities

19.    Defendants have purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to purposefully advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, 20 oz. and/or 30 oz. tumbler products that violate YETI's rights, including YETI's trade dress rights.  Defendants' infringing 20 oz. and 30 oz. tumbler products are confusingly similar imitations of YETI's 20 oz. Rambler® Tumblers and 30 oz. Rambler® Tumblers.  Defendants are trying to confuse consumers into thinking that their drinkware products are associated with, sponsored by, or approved by YETI, when they are not.  Defendants' actions have all been without the authorization of YETI.

20.    As discussed in more detail below, Defendants are selling tumbler products that infringe YETI's trade dress rights.  Each of them is based outside of the U.S., and according to their respective seller information on Amazon.com, each is based in China.  Each of them has also established e-commerce storefronts on Amazon.com that sell their respective infringing tumbler products and that target consumers in the United States and in the State of Texas, including in this District.

8

21.    Exemplary listings for TDYDDYU's infringing 20 oz. tumbler products are accessible on Amazon.com at https://a.co/d/hlXIRur and https://a.co/d/7yt0hyp.    Exemplary images of TDYDDYU's infringing 20 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 20 oz. tumbler products are also shown below:

| Illustration 3: Exemplary Images of TDYDDYU's Infringing 20 oz. Tumbler Products. |
|---|





22.    TDYDDYU's infringing 20 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com:  B082HH3F56, B082HGSCSN, B082HH3WTY, B09NBRZDF7, B09NBRWJNJ, B09NBTT93Y, B083P21CLZ, B083P2F4ZL, B083P2DHHF, B082HGJ71X, B082HGGKGK, B082HH7H2V, B082HH7DJY, B082HH2KQZ,    B082HHCWCF,    B082HHCV1M,    B082HHCQ2H,    B082HH4L9X, B082HH7FX3, B082HHGDMF, B082HHCJK6, B082HHK1XT, B082HH947T, B082HHD1Q2, B082HGVGTJ,  B0BFR24XJD,  B0BFPWW4TN,  B0BK899Q5H,  B0BK86RWLB,  and B0BFQZ49F6.

23.    Exemplary listings for TDYDDYU's infringing 30 oz. tumbler products are accessible on Amazon.com at https://a.co/d/8rRXcbm and https://a.co/d/7IbjS7S. Exemplary images of TDYDDYU's infringing 30 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 30 oz. tumbler products are also shown below:

| Illustration 5: Exemplary Image of TDYDDYU's Infringing 30 oz. Tumbler Products. |
|---|





Illustration 6: Exemplary Amazon.com Listing of TDYDDYU's Infringing 30 oz. Tumbler Products.

24.     TDYDDYU's infringing 30 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B0B2WRVTQF, B0B2RF8B5S, B0B2WNW87H, B0B2NPS1GR, B089GJN5W1, B0BD4HMKGP, B0BS5FQ1VJ, B0BS5J2YNP, B089GJPZP6, B0BS5ML89M, B0B2WNSRM9, B0B2RD69S1, B0BFR24XJD, B0BFPWW4TN, and B0BFQZ49F6.

25.     Exemplary listings for Ecomozz's infringing 20 oz. tumbler products are accessible on Amazon.com at https://a.co/d/5sY9ZTX and https://a.co/d/csTLnG7.  Exemplary images of Ecomozz's infringing 20 oz. tumbler products and an excerpt of an Amazon.com listing for its

infringing 20 oz. tumbler products are also shown below:

| Illustration 7: Exemplary Images of Ecomozz's Infringing 20 oz. Tumbler Products. |
| --- |
|  |



Illustration 8: Exemplary Amazon.com Listing of
Ecomozz's Infringing 20 oz. Tumbler Products.

26.    Ecomozz's infringing 20 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B07XH1RZ7X, B08238R4Y4, B0823BXTQ1, B0B96YGVJF, B082PRFCSM, B082PRMB9H, B082PVBW3J, B07X8SBJWG, B08239372R, B08239XSQY, B0B96WX4RY, B0B96VKJV7, B0B96V9ZJG, B0823M9G8X, B07XCZC4C7, B08239H5PP, B082PS36PR, B082PRXLWW, B082PVCFZF, B07XD12SCQ, B082399KFL, B08239DF8T, B07X9YV57Y, B08239MPDS, B08239QX57,

14

B07X9Y2KQN, B08239VWPN, B08239C71J, B082PRLDXC, B082PVCFZG, B082PS9ZTR, B07XCZM82L, B08238Z66K, B08239K3ZW, B07XCYK44H, B08239715R, and B08239BLJX.

27.    Exemplary listings for Wetoweto's infringing 20 oz. tumbler products are accessible on Amazon.com at https://a.co/d/eD2PZKb and https://a.co/d/84nKT3b.  Exemplary images of Wetoweto's infringing 20 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 20 oz. tumbler products are also shown below:

| Illustration 9: Exemplary Images of<br>Wetoweto's Infringing 20 oz. Tumbler Products. |
| :---: |





**Illustration 10: Exemplary Amazon.com Listing of Wetoweto's Infringing 20 oz. Tumbler Products.**

28.     Wetoweto's infringing 20 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B0B45GCPC6, B0DWFJCXQV,    B09YTYF1NC,    B0B38HSKY7,    B0B45FZP3B,    B0DWFH6FWY, B09YTYPGMV,    B0B38JQ46N,    B0B45DS3MF,    B0F7QZQBTZ,    B09YTY3QCQ, B0B38K9X2S,    B0B455GMKZ,    B09YTXTPQQ,    B0B38JHKYG,    B0BJDTHN7K, B09YTZTX5K, B0B38L8HS9, B0B458ZQKB,  B09YTY4LRZ, B0B38K63SV, B0BLG912ZM, B0BLG7NL3K,    B0BLGR1VRD,    B0BJDRRCXB,    B09YTZH55C,    B0B38K95GP,

B0BLGZ5725,    B0DWFDKL8N,    B0BLGPKGGM,    B0BLGCW5MC,    B0BLGHQYV3,
B0BLH8MC44,    B0BLGK81FR,    B0B457VYYB,    B09YTZQ52N,    B0B38KBPNW,
B0BLH3LND1,    B0BLGTK5MS,    B0BLG3FZTQ,    B0BJDT6FCZ,    B0BJVP4LDX,
B0B8CRMMKF,    B0B456PWSD,    B09YV12NRH,    B0B38K1MV6,    B0BJDNBPHD,
B0DWFF89YH,    B09YTYYBXS,    B0B38JWSHJ,    B0D6G4CS45,    B0D6G26185,    and
B0D6G1T8HW.

29.    Exemplary listings for Wetoweto's infringing 30 oz. tumbler products are
accessible on Amazon.com at https://a.co/d/3KnxIXN and https://a.co/d/cIEuSGR.  An exemplary
image of Wetoweto's infringing 30 oz. tumbler products and an excerpt of an Amazon.com listing
for its infringing 30 oz. tumbler products are also shown below:

| Illustration 11: Exemplary Image of Wetoweto's Infringing 30 oz. Tumbler Products. |
|---|





30.    Wetoweto's infringing 30 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B0BJVC6L3D, B09YTZFHC4, B0B38S15W4, B0BJVFFCR4, B09YV1LHJ2, B0B38RB8BX, B0BJVC4FGV, B09YTZZZJM, B0B38QG98C, B0BLH8HTF3, B0BLGKXNMV, B0BJVGTC9Q, B0BJVDTC77, B0BJVG2VK6, B0BJVFD8NL, B0BLG69LC3, B0BRV51LDJ, B0BLGW99VX, B0BLGQXXB2, B0BJVFFSHZ, B09YV281TV, B0BJVGDV5R, B09YV46T6Y, B0B38SNF7B,

B0BJVD9967, B09YV2L734, B0B38VQP9Y, B0BJVFTRMM, B09YV1LQKN, B0B38SK8DV,

B0BJVCS8TY, B09YV3QRSB, and B0B38VXNSG.

    31.    An exemplary listing for Pandariaworld's infringing 30 oz. tumbler products is

accessible on Amazon.com at https://a.co/d/284TIRl.  An exemplary image of Pandariaworld's

infringing 30 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 30

oz. tumbler products are also shown below:

| Illustration 13: Exemplary Image of Pandariaworld's Infringing 30 oz. Tumbler Products. |
|---|





32.     Pandariaworld's infringing 30 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B09XGY7F1W, B09XGKFKXN,     B09XH2D2HJ,     B0DHP2MS5Q,     B0DHNV35M6,     B0DHP4Q8G3, B0DHPHGMXZ, and B0DHP68HPF.

33.     An exemplary listing for Pandaria Inc's infringing 20 oz. tumbler products is accessible on Amazon.com at https://a.co/d/b6Q8Iv9.   An exemplary image of Pandaria Inc's infringing 20 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 20 oz. tumbler products are also shown below:

| **Illustration 15: Exemplary Image of Pandaria Inc's Infringing 20 oz. Tumbler Products.** |
|---|
|  |



34.     Pandaria Inc's infringing 20 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B07X7VM7TP, B09KPH1PFP, B0FSCVNKP1, B0BTVC36BK, B0FW4LG9TL, B0FVXBPBY7, and B0D2XH2HRM.

35.     An exemplary listing for Pandaria Inc's infringing 30 oz. tumbler products is accessible on Amazon.com at https://a.co/d/7hQ4840.   An exemplary image of Pandaria Inc's infringing 30 oz. tumbler products and an excerpt of an Amazon.com listing for its infringing 30 oz. tumbler products are also shown below:

| **Illustration 17: Exemplary Image of** |
| :---: |
| **Pandaria Inc's Infringing 30 oz. Tumbler Products.** |
|  |



36.     Pandaria Inc's infringing 30 oz. tumbler products also have at least the following Amazon Standard Identification Numbers (ASINs) on Amazon.com: B0BJTZT7QM, B0BJT26TBQ, B0BJT23V1X, B0BJTHJBFZ, B098NJN1N9, B0BTVBNBT2, B0CKDTJKLP, B0CKDRL81D, B0CKDN2CR3, B0D2X7Y46F, B0CKBWK532, and B0CKBSWWLS.

37.     As a result of Defendants' activities related to their infringing 20 oz. and 30 oz. tumbler products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

38.    YETI used its trade dress extensively and continuously before Defendants began advertising, marketing, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States their infringing 20 oz. and 30 oz. tumbler products.  YETI's trade dress also became famous and acquired secondary meaning in the United States before Defendants commenced their unlawful use of YETI's trade dress.

39.    As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

## Count I:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.    Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing 20 oz. and/or 30 oz. tumbler products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress. Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing 20 oz. and 30 oz. tumbler products, at least by creating the false and misleading impression that the infringing 20 oz. and 30 oz. tumbler products are manufactured by, authorized by, or otherwise associated with YETI.

42.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes a unique, distinctive, and non-functional design.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality

of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing 20 oz. and/or 30 oz. tumbler products.

43.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing 20 oz. and 30 oz. tumbler products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Based on the activities described above, including, for example, Defendants' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing 20 oz. and/or 30 oz. tumbler products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the

Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

48.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing 20 oz. and/or 30 oz. tumbler products.

49.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

50.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced

at least by the similarity of the infringing 20 oz. and 30 oz. tumbler products to YETI's trade dress and Defendants' continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count III:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing 20 oz. and/or 30 oz. tumbler products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to YETI through Defendants' use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Defendants' infringing 20 oz. and 30 oz. tumbler products, at least by creating the false and misleading impression that the infringing 20 oz. and 30 oz. tumbler products are manufactured by, authorized by, or otherwise associated with YETI.

54.     YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes a unique, distinctive, and non-functional design. YETI has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the

marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing 20 oz. and/or 30 oz. tumbler products.

55.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

56.     On information and belief, Defendants' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing 20 oz. and 30 oz. tumbler products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

### **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendants have (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; and (iii) engaged in unfair competition and false

designation of origin in violation of § 1125(a) of Title 15 in the United States Code, and that all of these wrongful activities by Defendants were willful;

2.    An injunction against further infringement and dilution of YETI's trade dress and further acts of unfair competition by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing 20 oz. and 30 oz. tumbler products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116, including, without limitation, the infringing 20 oz. and 30 oz. tumbler products that have an Amazon Standard Identification Numbers (ASIN) of    B082HH3F56, B082HGSCSN, B082HH3WTY, B09NBRZDF7, B09NBRWJNJ, B09NBTT93Y, B083P21CLZ, B083P2F4ZL, B083P2DHHF, B082HGJ71X, B082HGGKGK, B082HH7H2V, B082HH7DJY, B082HH2KQZ, B082HHCWCF,    B082HHCV1M,    B082HHCQ2H,    B082HH4L9X,    B082HH7FX3, B082HHGDMF, B082HHCJK6, B082HHK1XT, B082HH947T, B082HHD1Q2, B082HGVGTJ, B0BFR24XJD,    B0BFPWW4TN,    B0BK899Q5H,    B0BK86RWLB,    B0BFQZ49F6, B0B2WRVTQF,    B0B2RF8B5S,    B0B2WNW87H,    B0B2NPS1GR,    B089GJN5W1, B0BD4HMKGP,    B0BS5FQ1VJ,    B0BS5J2YNP,    B089GJPZP6,    B0BS5ML89M, B0B2WNSRM9,    B0B2RD69S1,    B0BFR24XJD,    B0BFPWW4TN,    B07XH1RZ7X, B08238R4Y4, B0823BXTQ1, B0B96YGVJF, B082PRFCSM, B082PRMB9H, B082PVBW3J, B07X8SBJWG, B08239372R, B08239XSQY, B0B96WX4RY, B0B96VKJV7, B0B96V9ZJG, B0823M9G8X, B07XCZC4C7, B08239H5PP, B082PS36PR, B082PRXLWW, B082PVCFZF, B07XD12SCQ, B082399KFL, B08239DF8T, B07X9YV57Y, B08239MPDS, B08239QX57, B07X9Y2KQN, B08239VWPN, B08239C71J, B082PRLDXC, B082PVCFZG, B082PS9ZTR,

B07XCZM82L, B08238Z66K, B08239K3ZW, B07XCYK44H, B08239715R, B08239BLJX, B0B45GCPC6, B0DWFJCXQV, B09YTYF1NC, B0B38HSKY7, B0B45FZP3B, B0DWFH6FWY, B09YTYPGMV, B0B38JQ46N, B0B45DS3MF, B0F7QZQBTZ, B09YTY3QCQ, B0B38K9X2S, B0B455GMKZ, B09YTXTPQQ, B0B38JHKYG, B0BJDTHN7K, B09YTZTX5K, B0B38L8HS9, B0B458ZQKB, B09YTY4LRZ, B0B38K63SV, B0BLG912ZM, B0BLG7NL3K, B0BLGR1VRD, B0BJDRRCXB, B09YTZH55C, B0B38K95GP, B0BLGZ5725, B0DWFDKL8N, B0BLGPKGGM, B0BLGCW5MC, B0BLGHQYV3, B0BLH8MC44, B0BLGK81FR, B0B457VYYB, B09YTZQ52N, B0B38KBPNW, B0BLH3LND1, B0BLGTK5MS, B0BLG3FZTQ, B0BJDT6FCZ, B0BJVP4LDX, B0B8CRMMKF, B0B456PWSD, B09YV12NRH, B0B38K1MV6, B0BJDNBPHD, B0DWFF89YH, B09YTYYBXS, B0B38JWSHJ, B0D6G4CS45, B0D6G26185, B0D6G1T8HW, B0BJVC6L3D, B09YTZFHC4, B0B38S15W4, B0BJVFFCR4, B09YV1LHJ2, B0B38RB8BX, B0BJVC4FGV, B09YTZZZJM, B0B38QG98C, B0BLH8HTF3, B0BLGKXNMV, B0BJVGTC9Q, B0BJVDTC77, B0BJVG2VK6, B0BJVFD8NL, B0BLG69LC3, B0BRV51LDJ, B0BLGW99VX, B0BLGQXXB2, B0BJVFFSHZ, B09YV281TV, B0BJVGDV5R, B09YV46T6Y, B0B38SNF7B, B0BJVD9967, B09YV2L734, B0B38VQP9Y, B0BJVFTRMM, B09YV1LQKN, B0B38SK8DV, B0BJVCS8TY, B09YV3QRSB, B0B38VXNSG, B09XGY7F1W, B09XGKFKXN, B09XH2D2HJ, B0DHP2MS5Q, B0DHNV35M6, B0DHP4Q8G3, B0DHPHGMXZ, B0DHP68HPF, B07X7VM7TP, B09KPH1PFP, B0FSCVNKP1, B0BTVC36BK, B0FW4LG9TL, B0FVXBPBY7, B0D2XH2HRM, B0BJTZT7QM, B0BJT26TBQ, B0BJT23V1X, B0BJTHJBFZ, B098NJN1N9, B0BTVBNBT2, B0CKDTJKLP, B0CKDRL81D, B0CKDN2CR3, B0D2X7Y46F, B0CKBWK532, and B0CKBSWWLS.

31

3.      An Order directing Defendants to recall all infringing 20 oz. and 30 oz. tumbler products sold and/or distributed and provide a full refund for all recalled infringing 20 oz. and 30 oz. tumbler products;

4.      An Order directing the destruction of (i) all infringing 20 oz. and 30 oz. tumbler products, including all recalled infringing 20 oz. and 30 oz. tumbler products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing 20 oz. and 30 oz. tumbler products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing 20 oz. and 30 oz. tumbler products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Defendants to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing 20 oz. and 30 oz. tumbler products are recalled;

6.      An Order barring importation of the infringing 20 oz. and 30 oz. tumbler products and/or colorable imitations thereof into the United States, and barring entry of the infringing 20 oz. and 30 oz. tumbler products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Defendants' profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117; and

8.      Such other and further relief as this Court deems just and proper.

Dated:  December 2, 2025

Respectfully submitted,

By: /s/ Michael L. Krashin
Michael L. Krashin (admitted in the Western District of Texas)
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Anthony J. Denis (admitted in the Western District of Texas)
Illinois Bar No. 6329599
adenis@bannerwitcoff.com
Jacob T. Earl (*pro hac vice* forthcoming)
Illinois Bar No. 6342032
jearl@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**